IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DENTAL ARTS LABORATORY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 10-CV-4535 |
| | ) | |
| STUDIO 360 THE DENTAL LAB, LLC, | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the motion to dismiss of Defendant Studio 360 The Dental Lab, LLC ("Studio 360" or "Defendant") [18]. Defendant seeks to dismiss Plaintiff's complaint for lack of personal jurisdiction, inappropriate venue, and failure to plead jurisdictional facts sufficient to state a cause of action pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6), respectively. Having carefully reviewed the complaint and the briefs and their associated materials, the Court respectfully denies Defendant's motion.

**I.  Background**[1]

Plaintiff Dental Arts Laboratory, Inc. ("Dental Arts" or "Plaintiff"), a resident and citizen of Peoria, Illinois, initiated this action under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and under Illinois and Nevada state law, against Defendant, a Nevada citizen and resident. The complaint lays out four causes of action against Defendant: (i) service mark infringement, pursuant to 15 U.S.C. § 1114; (ii) federal unfair competition, pursuant to 15 U.S.C. § 1125(a);

---
[1] For purposes of Defendant's motion to dismiss, the Court assumes as true all well-pleaded allegations set forth in the complaint. See, *e.g.*, *Killingsworth v. HSBC Bank Nevada*, *N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). Unless otherwise specified, the source of all information in this section is Plaintiff's complaint [1].

1

(iii) unfair business practices, pursuant to the relevant codes in Illinois and Nevada (the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq*., and the Nevada Deceptive Trade Practices Act, NRS 598.0903 *et seq*., respectively); and (iv) deceptive trade practices, pursuant to the relevant Illinois and Nevada codes (the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq.*, and the Nevada Deceptive Trade Practices Act, NRS 598.0903 *et seq*.).[2]

Plaintiff began using the name "360 Dental Laboratories" for its dental laboratory services in June 2005 and has continually used the mark since. Plaintiff registered the mark "360 Dental Laboratories" as a service mark in commerce for dental laboratory services on July 24, 2007 with the United States Patent and Trademark Office.

Defendant Studio 360, a limited liability company founded in 2009, is "engaged in the business of selling products such as crowns, bridges, dentures and partials to dentists across the country." (Def. Mem. [19] at 8). Defendant maintains a website, www.studio360dentallab.com, which displays the "Studio 360 The Dental Lab" mark. The website also contains order forms for its products, which also display the "Studio 360 The Dental Lab" mark. See Exhibit B to complaint. In an affidavit filed along with its motion to dismiss, Scott Braverman, Defendant's vice president, avers that at the time Plaintiff filed the complaint, Defendant was actively selling products to four dentists in Illinois and that it has served 16 Illinois dentists since the company's inception. (Braverman Aff. [19] at 2). Over the entire existence of he company, only 1.2% of Defendant's gross revenue has been from Illinois customers. *Id*.

In its complaint, Plaintiff alleges that on June 9, 2010, counsel for Plaintiff sent a cease and desist letter to Defendant, giving Defendant notice of Plaintiff's federal service mark rights

---

[2] This court has subject matter jurisdiction over the first two counts. See 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. Plaintiff alleges that this Court has supplemental jurisdiction over the two state law claims pursuant to 15 U.S.C. § 1367.

and informing Defendant that its use of the "Studio 360" name constituted service mark infringement and unfair competition. Having received no response, counsel for Plaintiff sent a follow-up letter on June 25, 2010. Since then, Defendant's owner has spoken with Plaintiff's president about Defendant's use of the "Studio 360 The Dental Lab" name; Defendant's owner indicated that Defendant would not stop using its name, and that "Plaintiff should be prepared to spend a lot of money because [Defendant's owner] was putting up '100 grand right now,'" presumably in anticipation of litigation costs. (Cmplt. at ¶ 14). Plaintiff alleges that Defendant's activities "are detrimental to the good will and business reputation symbolized by [Plaintiff's registered service mark]." (*Id.* at ¶ 16).

On September 2, 2010, Defendant filed the instant motion to dismiss. Defendant argues that "[t]his court lacks personal jurisdiction over this defendant as this defendant is not subject to the general jurisdiction of the Illinois courts under the state's long arm statute," that "[t]his court further lacks personal jurisdiction over this defendant as requiring this defendant to defend itself in an Illinois federal district court would violate this defendant's Constitutional rights to due process of law," and, finally, that "the plaintiff's complaint fails to state a cause of action as it does not plead facts sufficient to support a finding of personal jurisdiction over this defendant." (Def. Mot. at ¶¶ 7-9).

**II.     Legal Standard**

An action against a party over whom the Court lacks personal jurisdiction must be dismissed. See Fed. R. Civ. P. 12(b)(2). At this early stage of the litigation, and without the benefit of an evidentiary hearing, Plaintiff has the burden of establishing only a *prima facie* case of personal jurisdiction. See *uBID, Inc. v. GoDaddy Group, Inc.*, 2010 WL 3768075, *1 (7th Cir. Sept. 29, 2010). When determining whether a plaintiff has met his burden, jurisdictional

allegations pleaded in the complaint are accepted as true unless proved otherwise by defendants' affidavits or exhibits. See *Purdue Research Foundation v. Sanofi-Sythelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003); *Travelers Cas. & Sur. Co. v. Interclaim (Bermuda) Ltd.*, 304 F. Supp. 2d 1018, 1021 (N.D. Ill. 2004).

In federal question cases, personal jurisdiction analysis has both a constitutional and statutory element. The Court must determine that (1) haling the defendant into court accords with the Due Process Clause of the Fifth Amendment; and (2) the defendant is amenable to service of process from the court. *Lifeway Foods, Inc. v. Fresh Made, Inc.*, 940 F. Supp. 1316, 1318 (N.D. Ill. 1996) (citing *United States v. De Ortiz*, 910 F.2d 376, 381-382 (7th Cir. 1990); *Omni Capital Int'l v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987)). Due process in federal question cases requires that each party have sufficient contacts with the United States as a whole rather than any particular state. See *ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 551 (7th Cir. 2001).

If the defendant is exposed to the jurisdiction of the United States, as Studio 360 clearly is in this case, the question becomes whether the federal court has been authorized to exert the full power of the nation. *ISI Int'l, Inc*, 256 F.3d at 552. To answer this question, the court looks to the applicable federal statute – in this case, the Lanham Act. See *Omni Capital Int'l*, 484 U.S. at 104. The Lanham Act does not provide for nationwide service of process. See, *e.g.*, *ISI Int'l, Inc.*, 256 F.3d at 550. When the federal statute at issue does not provide for nationwide service, the statutory basis for jurisdiction generally is provided by Rule 4(k)(1)(A) which ties jurisdiction to the forum state's long-arm statute. See *Janmark v. Reidy*, 132 F.3d 1200, 1201 (7th Cir. 1997); see also *Digisound-WIE, Inc. v. Bestar Techs., Inc*., 2008 WL 2096505, *2 (N.D. Ill. May 16, 2008).

4

Under Illinois law, a court may exercise personal jurisdiction over a non-resident through operation of its long-arm statute. See 735 ILCS § 5/2-209. That statute extends personal jurisdiction over claims that arise out of a number of enumerated actions and activities, including transacting any business or committing a tort in Illinois. See 735 ILCS § 5/2-209(a)(1-2). In addition, personal jurisdiction is proper over any corporation "doing business" within Illinois. 735 ILCS § 5/2-209(b). Finally, the long-arm statute's "catch-all" provision authorizes courts to exercise jurisdiction on any basis permitted by the Illinois or federal Constitutions. 735 ILCS § 5/2-209(c). Because the Illinois long-arm statute authorizes personal jurisdiction to the fullest constitutional limits, the three inquiries above "collapse into two constitutional inquiries — one state and one federal." *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997). Moreover, the Seventh Circuit has opined that "there is no operative difference between the limits imposed by the Illinois Constitution and the federal limitations on personal jurisdiction." *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 715 (7th Cir. 2003).[3]

The federal test for personal jurisdiction under the Due Process Clause of the Fourteenth Amendment authorizes a court to exercise jurisdiction over a non-resident defendant only if the defendant has "certain minimum contacts with [the state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1940) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). "[I]t is essential in each case that there be some act by which the defendant purposefully avails

---

[3] In *Hyatt*, the court discussed a cautionary pronouncement in a 1990 Illinois Supreme Court decision suggesting that the state and federal standards may not be co-extensive. See *id*. (citing *Rollins v. Elwood*, 565 N.E.2d 1302 (Ill. 1990) (acknowledging *Rollins*, but noting that even if hypothetically the Illinois state and federal due process standards might diverge, no basis for such a divergence existed in the case before it). In light of the Seventh Circuit's assessment in *Hyatt* and the absence of post-*Rollins* guidance from the Illinois courts as to how Illinois and federal law may differ as a practical matter in regard to personal jurisdiction, a single due process inquiry will suffice. *Id*.; see also *Illinois v. Hemi Group LLC*, 2010 WL 3547647, *2 (7th Cir. Sept. 14, 2010) (reiterating that the court was not aware of any "meaningful difference" between Illinois and federal due process requirements).

5

itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). This "purposeful availment" requirement of the minimum contacts standard ensures that a non-resident defendant will not be forced to litigate in a jurisdiction as a result of random contacts with the forum or the unilateral activity of the plaintiff. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75 (1985).

In addition, the Supreme Court has distinguished two types of personal jurisdiction: general and specific. *Helicopteros Nacionales de Columbia v. Hall*, 466 U.S. 408, 414-416 (1984); see also *Hyatt Int'l*, 302 F.3d at 713. General jurisdiction exists where the defendant has "continuous and systematic" contacts with the forum state. *Helicopteros*, 466 U.S. at 416; *Hyatt Int'l*, 302 F.3d at 713. If such contacts exist, "the court may exercise personal jurisdiction over the defendant even in cases that do not arise out of and are not related to the defendant's forum contacts." *Hyatt Int'l*, 302 F.3d at 713. On the other hand, specific jurisdiction is more limited and a plaintiff in such circumstances must show that the alleged controversy between the parties "arise[s] out of" or "relate[s] to" the defendant's forum contacts in addition to establishing that minimum contacts exist. *Id.*

Finally, even if a court finds that the minimum contacts standard and the specific jurisdiction requirement have been met, a court's due process inquiry does not end. The court also must consider whether the exercise of personal jurisdiction comports with "fair play and substantial justice." *Burger King*, 471 U.S. at 476 (quoting *Int'l Shoe*, 326 U.S. at 320). "Thus, courts in 'appropriate cases' may evaluate 'the burden on the defendant,' 'the forum State's interest in adjudicating the dispute,' 'the interstate judicial system's interest in obtaining convenient and effective relief,' 'the interstate judicial system's interest in obtaining the most

efficient resolution of controversies,' and 'the shared interest of the several States in furthering fundamental substantive social policies.'" *Burger King*, 471 U.S. at 477 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980)). These considerations are sometimes used to establish the reasonableness of jurisdiction in lieu of a strong showing of minimum contacts. *Burger King*, 471 U.S. at 477 (citing *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 780 (1984)).

## III. Analysis

### A. Specific Jurisdiction

Here, Plaintiff does not allege that Defendant has had "continuous and systematic contacts" with Illinois sufficient to justify general jurisdiction, nor would the relevant facts support such a contention. See *Hyatt Int'l*, 302 F.3d at 713 (explaining that where a defendant's contacts with the forum state are more limited, the plaintiff's only option is to establish specific jurisdiction). Therefore, if jurisdiction is to be found, it will be on the basis of specific jurisdiction, such that the harm to Plaintiff must have arisen out of Defendant's contacts with Illinois.

At issue here is whether Defendant's use of allegedly infringing marks on its web site and order forms and Defendant's sales of goods to Illinois dentists under the allegedly-infringing mark subject it to personal jurisdiction in Illinois. Defendant argues that the number and dollar volume of its sales to Illinois are insufficient, that is has not specifically targeted Illinois consumers, and that the exercise of jurisdiction in Illinois would not comport with fair play and substantial justice. Plaintiff counters that, while Defendant's sales to Illinois may be a small percentage of its business, Defendant's contacts with Illinois constitute the direct tortious conduct at issue.

7

The Court finds that it has specific jurisdiction over Defendant because Defendant's admitted contacts with Illinois (selling of its products to Illinois dentists under an allegedly-confusing name) are the very tortious acts of which Plaintiff complains. Under the Illinois long-arm statute, torts that are committed in Illinois authorize the exercise of jurisdiction here. 735 ILCS 5/2-209(a)(2). By selling its goods to dentists in Illinois under the allegedly infringing name, Defendant has established the requisite minimum contacts with Illinois to support a finding of personal jurisdiction. See, *e.g. International Star Registry of Illinois v. Bowman Haight Ventures, Inc.*, 1999 WL 300285, at *6 (N.D. Ill. May 6, 1999) (citing *North American Philips Corp. v. American Vending Sales, Inc.,* 35 F.3d 1576, 1579 (Fed. Cir. 1994)) ("To sell an infringing article to a buyer in Illinois is to commit a tort in Illinois sufficient to confer jurisdiction under the tort provision of the long-arm statute. Intellectual property infringement takes place in the state of the infringing sales * * * for purposes of tort provisions of the Illinois long arm-statute.") (internal citation omitted); *Ty, Inc. v. Baby Me, Inc.*, 2001 WL 34043540, *5-6 (N.D. Ill. Apr. 20, 2001) (sale of infringing products in Illinois sufficient to confer specific jurisdiction in Illinois); *Chase Intern., Inc. v. Link and Pan of Texas*, 1995 WL 506056, *2 (N.D. Ill. Aug. 17, 1995) (same); *cf. Lifeway Foods, Inc. v. Fresh Made, Inc.,* 940 F. Supp. 1316, 1320 (N.D. Ill. 1996) (alleged trademark infringer's contacts with state did not subject it to personal jurisdiction under doing business clause of Illinois long arm statute where plaintiff failed to show that defendant made sales directly to Illinois customers).

In response to Plaintiff's argument that Defendant has committed a tort in Illinois, Defendant argues that "[t]he plaintiff's argument fails to recognize that none of the products being sold by this defendant are alleged to be of an infringing nature." (Def. Mem. at 7 ("Because the plaintiff's cause of action is grounded in the alleged infringement of its service

mark and not the sale of defendant's products, the alleged tortious action is the choice and use of the name."). Defendant argues that the relevant conduct—the "choice of its name"—took place in Nevada and was not calculated to affect an Illinois interest. *Id*. Thus, Defendant maintains that the Court's analysis should not focus on Defendant's sales in Illinois. But Defendant's own affidavit shows that as recently as July 2010, Defendant was "actively serving" four dentists in Illinois. Defendant does not explain how it could somehow serve dentists and sell its products in Illinois without using its allegedly-infringing name "Studio 360 The Dental Lab" during the transactions. In fact, Defendant's website and the order forms that customers use to obtain Defendant's products contain the allegedly infringing mark. Defendant thus has "made sales of goods under an allegedly infringing mark in Illinois," which courts in this circuit have determined may subject a defendant to personal jurisdiction in this state. *International Star Registry of Illinois*, 1999 WL 300285, at *6-7; *Ty, Inc.*, 2001 WL 34043540, at *5-6. The distinction between Defendant's choice of name and the sale of its products is one without a difference.

The Court will briefly consider each of Defendant's arguments as to why it is not subject to personal jurisdiction. Defendant contends that jurisdiction is lacking because Defendant never "targeted dentists in the State of Illinois specifically." (Def. Reply [25] at 1). But defendants need not "specifically target" consumers in a certain state in order to submit themselves to jurisdiction there.

A recent Seventh Circuit opinion explained that a company selling its products across the country may be subject to personal jurisdiction in Illinois if it has sold those products to customers in Illinois. See *Illinois v. Hemi Group LLC*, 2010 WL 3547647 (7th Cir. Sept. 14, 2010). In *Hemi*, the defendant, based out of New Mexico, sold discount cigarettes through its

9

websites. Other than a clear warning on its websites that it would not sell to customers in New York, it did not "single out Illinois residents," or residents of any other state, for that matter. *Id.* at *1. The State of Illinois sued Hemi in Illinois state court for violating several laws in selling cigarettes to Illinois consumers through its website. Hemi removed and moved to dismiss for lack of personal jurisdiction. The district court denied Hemi's motion, and the Seventh Circuit affirmed. In finding that Hemi's contacts with Illinois were sufficient to satisfy due process, the court of appeals noted that Hemi "knowingly did do business with Illinois residents. In light of this, Hemi's argument that it did not purposefully avail itself of doing business in Illinois rings particularly hollow." *Id.* at *3. Moreover, in creating "several commercial, interactive websites though which customers could purchase cigarettes from Hemi[,] Hemi held itself out as open to do business with every state (including Illinois) except New York." *Id.* at *4. The court also stated that by shipping its cigarettes to Illinois customers, "[i]t is Hemi reaching out to Illinois, and not the residents reaching back, that creates the sufficient minimum contacts with Illinois that justify exercising personal jurisdiction over Hemi in Illinois." *Id.*; see also *Ty, Inc.*, 2001 WL 34043540, at *5-6 (defendant's sale of infringing products in Illinois via website aimed at U.S. consumers generally sufficient to establish personal jurisdiction).

On its website, Studio 360 held itself out as open to sell its wares to residents of any state in the nation – a fact that Studio 360 itself admits when it notes that it sought business from dentists nationwide. (See Def. Reply at 1-2). That Studio 360 maintains a phone number with the area code 866 also bespeaks its intent to make itself available to customers across the country, including in Illinois. That Defendant made its products available to Illinois consumers and did in fact sell to Illinois consumers shows that Defendant has purposefully availed itself of

the privilege of conducting activities in Illinois and has invoked the benefits and protections of its laws. *Hanson*, 357 U.S. at 253.

In arguing that it should not be subject to personal jurisdiction in Illinois, Defendant relies heavily on *Mobile Anesthesiologists Chicago, LLC v. Anesthesia Associates of Houston Metroplex,* 2010 WL 3811319 (7th Cir. Oct. 1, 2010), in which the court of appeals recently affirmed a district court's dismissal for lack of personal jurisdiction. Defendant cites *Mobile Anesthesiologists* for the proposition that "a defendant's intentional tort creates the requisite minimum contacts with a state only when the defendant expressly aims its actions at the state with the knowledge that they would cause harm to the plaintiff there." *Id*. at *5 (discussing *Calder v. Jones,* 465 U.S. 783 (1984); *Janmark, Inc. v. Reidy,* 132 F.3d 1200 (7th Cir. 1997); and *Indianapolis Colts, Inc. v. Metropolitan Baltimore Football Club Ltd. P'ship,* 34 F.3d 410, 411-12 (7th Cir. 1994)). Defendant argues that jurisdiction is lacking because it did not expressly aim its conduct at Illinois consumers.

However, the Court finds the language cited above inapposite to the present circumstances. In *Mobile Anesthesiologists*, the court was discussing a theory of specific jurisdiction known as the *Calder* "express aiming test" (formerly known as the "effects test"), see *Mobile Anesthesiologists*, 2010 WL 3811319, *6 n. 1, pursuant to which conduct aimed at a forum state can serve as a proxy for actual entry into or contacts with that state. See *id.* at *4 (citing *Calder,* 465 U.S. at 789-90) (1984)). In *Mobile Anesthesiologists*, the plaintiff relied on this line of cases because the defendant had "formed no contracts in Illinois and has had no physical presence there." *Id.* at 3. There, the plaintiff, a Chicago-based company that contracts with medical offices to provide on-site anesthesia services, sued the defendant in federal court in Illinois, claiming that it had violated the federal anti-cybersquatting statute by registering a

11

domain name confusingly similar to plaintiff's registered trademark. *Id.* at *1. The defendant's website in *Mobile Anesthesiologists*, although accessible in Illinois, was aimed solely at the Houston market, and again, the defendant had "formed no contracts in Illinois and has had no physical presence there." *Id.* at *1 - *3. However here, the Court's finding of personal jurisdiction over Defendant does not rest on the *Calder* "express aiming test." In contrast to the situation in *Mobile Anesthesiologists*, Defendant here did hold itself out as open for business to Illinois consumers and *did in fact* affirmatively conduct business in Illinois. Those are the critical facts on which the Court's exercise of personal jurisdiction is based in this case.[4]

Defendant also argues that its sales in Illinois are *de minimus*: Defendant has derived only 1.2% of its gross revenue from Illinois dentists, and was only deriving 0.5% of its gross revenue from Illinois dentists at the time that the complaint was filed. That Defendant's sales in Illinois form a relatively small part of its business is irrelevant to the personal jurisdiction analysis under these circumstances. Each time that Defendant used its allegedly-confusing name in Illinois a tortious act allegedly was committed. As long as one tortious act is committed in Illinois, the courts of the state, and thus this Court, may exercise personal jurisdiction over Defendant. As explained by the district court in *Ingram v. Page*:

> Defendants' conduct subjects them to the reach of the long arm statute primarily because Plaintiff claims his intellectual property interests were damaged here. * * * [T]orts which involved damage to intellectual property generally 'occur' where the damage occurs. * * * The alleged torts, therefore, occurred in Illinois, bringing the Defendants' allegedly tortious conduct within the reach of the Illinois Long Arm Statute. *A single tortious act committed in Illinois, no matter how minimal, brings the alleged tortfeasors within the scope of the long arm statute*.

---

[4] Another case on which Defendant relies, *Hyperquest, Inc. v. NuGen I.T., Inc.*, 627 F. Supp. 2d 884 (N.D.Ill. 2008), is not on point for many of the same reasons that *Mobile Anesthesiologists* is not. In *Hyperquest*, as in *Mobile Anesthesiologists*, the Defendant had "no customers or sales in Illinois * * * [and] there is no evidence that the Defendants contacted anyone in Illinois, traveled to Illinois or sold their infringing product in Illinois." *Id*. at 894.

1999 WL 569565, at *1 (N.D. Ill. July 28, 1999) (internal citations omitted) (emphasis added). See also *International Star*, 1999 WL 300285 at *7 ("Granted defendant's contacts [with Illinois] were minimal, however, it is the quality of the contacts, not their number that determine whether they amount to purposeful availment for jurisdictional purposes."); *Store Décor Division of Jas International, Inc. v. Stylex Worldwide Industries, Ltd.*, 767 F. Supp. 181, 184 n.3 (N.D. Ill. 1991) ("the commission of a single tortious act in Illinois brings a defendant within the scope of § 2-209(a)(2) even if the defendant has no other contact with Illinois and has never been to Illinois.").

Defendant's assertion that it did not know about Plaintiff's business and its protected name also is irrelevant to the personal jurisdiction analysis. The Lanham Act specifically provides that registration of a trademark "shall be constructive notice of the registrant's claim of ownership thereof." 15 U.S.C. § 1072. As the Seventh Circuit recently affirmed in *Mobile Anesthesiologists*, the purpose of § 1072 is to "protect against users of the registrant's trademark who might otherwise raise a defense of innocent misappropriation." *Mobile Anesthesiologists*, 2010 WL 3811319 at *6. Thus, Defendant's insistence that "[w]hen this defendant chose the name 'Studio 360 The Dental Lab' it did so without knowledge of even the existence of the plaintiff in the State of Illinois," (Def. Reply at 6) does not change the analysis or the result.

**B.     Fairness Analysis**

Although the Court has found that the minimum contacts have been established to exercise personal jurisdiction over Defendant in Illinois, it must still determine whether exercise of personal jurisdiction comports with "fair place and substantial justice." *Burger King*, 471 U.S. at 476 (quoting *Int'l Shoe*, 326 U.S. at 320). In doing so, the Court will consider:

> [T]he burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the

> interstate judicial system's interest in obtaining the most efficient resolution of [the underlying dispute], and the shared interest of the several States in furthering fundamental substantive social policies.

*Purdue,* 338 F.3d at 781 (internal quotation marks omitted). "[T]he weaker the defendant's contacts with the forum state are, the less likely it is that exercising jurisdiction over that defendant is appropriate." *Hemi*, 2010 WL 3547647 at *6.

The Court determines that exercising jurisdiction over Studio 360 in Illinois is fair. It is true that defending a lawsuit in Illinois may be burdensome to Studio 360, whose physical business operations are located entirely in Nevada. However, Illinois has an interest in "providing a forum in which its residents can seek to protect their intellectual property rights." *Ty, Inc.*, 2001 WL 34043540 at *6. And "while a defendant's burden in litigating in the forum state is relevant, inconvenience alone is not enough to defeat personal jurisdiction." *Id.* at *7. The dispute here involves both an Illinois company and Illinois consumers (the dentists who bought the products being sold under an allegedly infringing mark); these factors weigh in favor of exercising personal jurisdiction over Studio 360. See, e.g., *Wound Care Education Institute v. Thomas*, 2008 WL 2446686, at *4 (N.D. Ill. June 17, 2008) (holding that exercise of personal jurisdiction met due process requirements because infringing product was sold to Illinois customers).

### C. Venue

In addition to moving to dismiss for lack of personal jurisdiction under Federal Rule 12(b)(2), Defendant's motion also argues improper venue under Rule 12(b)(3).

Rule 12(b)(3) provides that a party may move to dismiss a case not filed in a proper venue. Fed. R. Civ. P. 12(b)(3). Where jurisdiction is not founded solely on diversity of citizenship, venue is properly established in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

Defendant's arguments regarding venue track its arguments regarding personal jurisdiction; indeed, it cannot be said that Studio 360 makes any argument in this regard other than restating that "venue is improper in the State of Illinois if the court does not have personal jurisdiction." (Def. Mem. at 14-15).

In considering a motion to dismiss for improper venue, the plaintiff bears the burden of establishing proper venue. See *Bell v. Woodward Governor Co.*, 2004 WL 1498145, at *1 (N.D. Ill. July 2, 2004) (citing *Grantham v. Challenge-Cook Bros., Inc. et al.,* 420 F.2d 1182, 1184 (7th Cir. 1969)). The burden is met by making a *prima facie* showing that venue is proper. *Id.* The Court will resolve all factual disputes in Plaintiff's favor. See *Nelson v. Park Indus., Inc.,* 717 F.2d 1120, 1123 (7th Cir.1983).

Plaintiff asserts that venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (2). Under 28 U.S.C. § 1391(b)(1), venue in cases such as this one, where jurisdiction is not founded solely on diversity of citizenship, may be brought in a judicial district where "any defendant resides," and under (b)(2), venue is proper in a judicial district in which "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(1) and (2). Plaintiff is correct to note that pursuant to section § 1391(c)(1), Defendant, a corporation, is "deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c)(1). See *Signode v. Sigma Technologies Int'l., LLC*, 2010 WL 1251448, at *4 (N.D. Ill. March 24, 2010) (citing a string of cases that state that

LLCs are considered "corporations" for the purposes of 28 U.S.C. § 1391(c)); *Advocate Fin., L.L.C. v. Parker Interests, L.L. C.,* 2008 WL 2773650 at * 1 (M.D. La. July 16, 2008) (pointing out that "it is generally accepted that unincorporated business associations such as partnerships and limited liability companies are analogous to corporations for venue purposes"). Because Illinois has more than one judicial district, Defendant is "deemed to reside in any district in [Illinois] within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." 28 U.S.C. § 1391(c)(1).

For the reasons discussed above, personal jurisdiction is appropriate in Illinois. Furthermore, in its complaint Plaintiff stated that venue is appropriate in this District because, "[u]pon information and belief, at all times material to this complaint, Defendant has committed one or more of the acts complained of herein within the United States and caused injury within this State and District." (Cmplt. at ¶ 6). Defendant offers no evidence to contradict this statement—for example, that the dentists that it serviced in Illinois did not reside in this District. At this early stage in the proceedings, and because no evidentiary hearing has been held on this matter, Plaintiff is responsible only for making a *prima facie* showing of why venue is appropriate in this District: "[W]hen the district court rules on a defendant's motion to dismiss based on the submission of written materials, without the benefit of an evidentiary hearing, ... the plaintiff need only make out a *prima facie* case of personal jurisdiction." *Richter v. INSTAR Enterprises International, Inc.*, 594 F. Supp. 2d 1000, 1005 (N.D. Ill. 2009) (citing *Purdue,* 338 F.3d at 782 (internal quotation marks omitted)).[5] The Court finds that Plaintiff has met this

---

[5] In *Richter*, the Court was discussing a motion to dismiss for lack of personal jurisdiction, in addition to a motion to dismiss for improper venue. But because "[i]n ruling on a motion to dismiss for improper venue, the Court follows the same standard as for a Rule 12(b)(2) dismissal," the analogy between *Richter* and the case at hand still holds true. *Wendt v. Handler, Thayer & Duggan, LLC*, 613 F. Supp. 2d 1021, 1027 (N.D. Ill. 2009).

lenient standard with its pleadings, and thus that venue is proper in the Northern District of Illinois.[6]

## IV. Conclusion

For the reasons stated above, Defendant's motion to dismiss for lack of personal jurisdiction, improper venue, and failure to state a claim upon which relief may be granted [18] is denied.

Dated: November 23, 2010

                                                _____
Robert M. Dow, Jr.
United States District Judge

---

[6] Defendant's claim pursuant to Federal Rule 12(b)(6) is that "the plaintiff has not plead jurisdictional facts sufficient to state a cause of action." (Def. Motion [18] at 1). This argument appears to be duplicate of Defendant's Rule 12(b)(2) argument for lack of personal jurisdiction. The Court already has found that the facts and allegations in the complaint and in the materials submitted by Defendant are sufficient to establish jurisdiction over the Defendant.